# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| COPIN SASTRAWIDJAYA and RIANNE MATHEOS, | No. 47777-7-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| MAUREEN MUGHAL, | |
| Respondent. | |

MAXA, A.C.J. – We address the narrow issue of whether a trial court has authority to compel personal injury plaintiffs to sign stipulations and authorizations allowing the defendant to obtain their medical records. We hold that the civil discovery rules do not provide a trial court with that authority. Therefore, we hold that the trial court erred in this case by ordering plaintiffs Copin Sastrawidjaya and Rianne Matheos to sign medical record stipulations requested by defendant Maureen Mughal.[1] We reverse the trial court's discovery order compelling Sastrawidjaya and Matheos to sign stipulations for the release of their medical records, and we remand for further proceedings.

---

[1] Sastrawidjaya and Matheos also raise several other arguments for the first time on appeal. Because we reverse on other grounds, we do not address these arguments.

FACTS

In April 2014, Sastrawidjaya and Matheos filed a lawsuit in Cowlitz County against Mughal for damages, claiming that they were injured in an automobile accident as a result of Mughal's negligence. Sastrawidjaya and Matheos purportedly are residents of British Columbia.

Mughal sent Sastrawidjaya and Matheos each a set of discovery requests, which included interrogatories requesting the identities of their medical providers. Sastrawidjaya and Matheos responded with lists of their medical providers. All of the medical providers were located in British Columbia. The discovery requests also apparently included requests for production requesting that Sastrawidjaya and Matheos produce their medical records. Sastrawidjaya and Matheos stated that they were producing the records in their possession. Their responses to interrogatories and their later deposition testimony identified additional medical providers of which Mughal's defense counsel was unaware.

Mughal sent Sastrawidjaya and Matheos requests to sign stipulations and authorizations for the release of their medical records from all of their medical providers. These stipulations attached and incorporated a "HIPAA[2] Compliant Authorization" for the same providers. The stipulations provided that T-Scan Corporation, Mughal's designee, would obtain the records. Sastrawidjaya and Matheos declined to sign the medical record stipulations.

Mughal filed a motion to compel the production of Sastrawidjaya's and Matheos's medical records, claiming that they had failed to produce all of their medical records. Mughal argued that because their medical records were relevant and discoverable, Sastrawidjaya and

_____

[2] Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936.

Matheos had no excuse for refusing to sign the medical record stipulations. Sastrawidjaya and Matheos argued that Mughal could not legally compel them to sign the stipulations and that she could seek the medical records by other means. The trial court ordered Sastrawidjaya and Matheos to sign the stipulations and authorizations for the release of their medical records.

Sastrawidjaya and Matheos filed a motion for discretionary review of the trial court's order. A commissioner of this court granted their motion for discretionary review.

ANALYSIS

A.      STANDARD OF REVIEW

We review a trial court's discovery orders for an abuse of discretion. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 694, 295 P.3d 239 (2013). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Id.* And a trial court necessarily abuses its discretion when basing its decision on an erroneous interpretation of the law or applying an incorrect legal analysis. *Doehne v. EmpRes Healthcare Mgmt., LLC*, 190 Wn. App. 274, 280, 360 P.3d 34 (2015).

We review de novo the interpretation of court rules, including CR 26. *Id.* Therefore, we review de novo whether a trial court has authority under the court rules to compel certain discovery.

B.      ORDER TO SIGN MEDICAL RECORD STIPULATIONS

Sastrawidjaya and Matheos argue that a request to sign medical record stipulations is not an authorized form of discovery under the civil rules, and therefore the trial court could not compel them to sign Mughal's proposed stipulations. We agree.

     1.    CR 26(a) Discovery Methods

Mughal argues that the trial court had authority under CR 26 to order Sastrawidjaya and Matheos to sign medical record stipulations. She notes that CR 26 provides that parties may obtain discovery regarding any unprivileged matter that is relevant to the subject matter involved in the pending action. CR 26(b)(1); *In re Recall of Piper*, 184 Wn.2d 780, 786, 364 P.3d 113 (2015).

But CR 26(a) authorizes only certain listed methods of discovery:

> Discovery Methods. Parties may obtain discovery *by one or more of the following methods*: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission.

(Emphasis added.) Significantly, CR 26(a) does not contain a "catch-all" provision that authorizes a trial court to order other, unspecified discovery methods. The plain language of CR 26(a) establishes that a party can obtain discovery only by one of the listed discovery methods.

Here, the trial court allowed Mughal to obtain discovery of Sastrawidjaya's and Matheos's medical records by ordering them to sign medical records stipulations. But a mandatory stipulation for the release of medical records is not one of the discovery methods listed in CR 26(a). And no other provision of CR 26 authorizes a trial court to compel a plaintiff to sign medical record stipulations in order to allow a defendant to obtain discovery regarding those records.

Mughal emphasizes that a trial court has broad authority to manage the discovery process. A trial court has discretion under CR 26 to *limit* the use of discovery methods and to protect a party against unreasonable or burdensome discovery. CR 26(b)(1), (c). CR 26(b)(1)

states that "[t]he frequency or extent of use *of the discovery methods set forth in section (a)* shall be limited by the court" in certain situations. (Emphasis added.) CR 26 plainly restricts the trial court's authority only to limiting the listed methods of discovery. Nothing in CR 26 authorizes the trial court to *expand* the methods of discovery beyond those listed in CR 26(a).

We hold that the trial court did not have authority under CR 26 to compel Sastrawidjaya and Matheos to sign medical record stipulations.

2. CR 34 Request for Production

Mughal seems to argue that CR 34(a)(1) authorized her to require Sastrawidjaya and Matheos to sign medical record stipulations as part of a request for the production of documents. We disagree.

CR 34(a)(1) provides that a party may request another party to produce relevant documents in the responding party's possession, custody, or control. This rule plainly requires only that a party *produce* certain documents in his or her possession or control.[3] But nothing in CR 34(a)(1) requires a party to stipulate to allow the opposing party to obtain documents independently.

Mughal alleged in the trial court that Sastrawidjaya and Matheos had failed to produce all of their requested medical records. Assuming that this allegation was true, the appropriate remedy was to file a motion to compel production under CR 37(a). If a party refuses to obey a court order compelling discovery, the trial court can impose a number of sanctions listed in CR

---

[3] Although we need not decide the issue, the "control" language potentially could require a plaintiff to obtain his or her medical records from the providers and produce them to the defendant. *See Diaz v. Wash. State Migrant Council*, 165 Wn. App. 59, 78, 265 P.3d 956 (2011) (defining "control" as the legal right to obtain documents upon demand).

37(b)(2).  But CR 37 neither permits a party to bring a motion to compel another party to sign medical record stipulations nor authorizes a trial court to require such stipulations as a discovery sanction.

We hold that the trial court did not have authority under CR 34 or CR 37 to compel Sastrawidjaya and Matheos to sign medical record stipulations.

3.    Trial Court's Inherent Authority

Mughal argues that the trial court had inherent authority to require the production of medical records by "cost-effective and practical means."  She argues that this authority includes requiring Sastrawidjaya and Matheos to sign medical record stipulations.  We disagree.

Mughal provides no Washington authority to support her argument.  She instead relies on a few cases from other jurisdictions affirming trial court orders compelling plaintiffs to authorize the release of medical records in the interest of efficiency.  *See, e.g., Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 649 (N.D. Ind. 1991); *Rojas v Ryder Truck Rental, Inc.*, 641 So. 2d 855, 857 (Fla. 1994).  Sastrawidjaya and Matheos cite to other out-of-state cases holding that a plaintiff cannot be forced to sign an authorization for the release of his medical records.  *See, e.g.*, *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992).

None of the cases the parties cite are particularly persuasive, and there does not appear to be any national consensus on this issue.  Given the plain language of CR 26(1) and the absence of any controlling Washington cases, we decline to hold that a trial court has inherent authority to compel a plaintiff to sign a medical record stipulation.[4]

---

[4] We also note that a stipulation by nature is a *voluntary* agreement between the parties.  We have found no authority allowing a trial court to compel a party to involuntarily stipulate to something.

4.    Considerations of Expense and Convenience

Mughal does not deny that defendants have other options for obtaining plaintiffs' medical records in typical cases. Court rules allow parties to issue a subpoena under CR 45(a)(1)(C), requiring the medical providers to produce the medical records. Parties also can compel the attendance of the medical providers' records custodians at a deposition in which they must produce the medical records under CR 30(a) and CR 45(a)(3).

This case is somewhat different because the medical records are in Canada. But CR 45 expressly contemplates this situation. CR 45(e)(3) provides that when the place of a deposition or production of documents is in another country, the requesting party "may secure the issuance of a subpoena or equivalent process in accordance with the laws of such . . . country." CR 45 does not suggest that a trial court can allow a defendant seeking medical records in a foreign country to bypass compliance with the subpoena requirements by compelling a plaintiff to sign medical record stipulations.

Mughal's unspoken concern apparently is that obtaining medical records without the plaintiffs' stipulation is expensive and inconvenient, especially when the medical providers are in a foreign country. Using medical record stipulations may be the most efficient and cost effective means of obtaining medical records. But that does not allow us to ignore the court rules.

## CONCLUSION

Nothing in the court rules or in Washington case law allows a trial court to compel a plaintiff to sign medical record stipulations. Therefore, we hold that the trial court erred in ordering Sastrawidjaya and Matheos to sign the stipulations and authorizations releasing their

7

medical records to Mughal. If Sastrawidjaya and Matheos are not willing to stipulate to the release of their medical records, Mughal must obtain these records through the procedures provided in the court rules.

We reverse the trial court's order compelling Sastrawidjaya and Matheos to sign stipulations for the release of their medical records, and we remand for further proceedings.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
MELNICK, .J.