# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JANE DOE | No. 49186-9-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF FISH AND WILDLIFE, and DAKOTA LOOMIS, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Jane Doe appeals the superior court's permanent injunction order entered as a part of her suit to enjoin the Washington State Department of Fish and Wildlife (the Department) from disclosing investigative records in response to a Public Records Act (PRA) request without first redacting all references to her identity. Doe argues that the superior court erred when it (1) failed to order the redaction of all references to her identity in the investigative records, (2) failed to apply the permanent injunction to all future PRA requests, and (3) denied her request for attorney fees. We affirm.

## FACTS

In early 2015, the Department conducted an investigation into cross-allegations of sexual harassment between two employees at the Department.

The Department later received a PRA request for all "e-mails, memos, personnel files, notes, reports, or other disclosable documents pertaining to human resources investigations filed against, or filed by, or prominently including" the two investigated employees. Clerk's Papers (CP) at 65. The Department identified records responsive to the request, including the interviews,

notes, report, letters, and other documents related to the investigation. These documents contained, in addition to other information, allegations regarding Doe's sexual conduct.

The Department informed Doe of the PRA request and that she was identified in the responsive records. The Department provided her with a copy of the records with redactions identified by the Department. Doe objected to the release of the records without redacting all information that identified her by name, relationship, or association. Doe provided the Department with proposed redactions, but the Department declined to make Doe's proposed redactions.

Doe filed suit for a preliminary and permanent injunction enjoining the Department from disclosing the responsive records without her proposed redactions. The Department opposed the injunction arguing that no privacy interest would be violated if the records were released with the redactions that it had already made. The superior court granted a preliminary injunction.

The superior court ordered an in camera review of the responsive records. Doe submitted her proposed redactions for the superior court's in camera review. Doe requested that the superior court enter a permanent injunction that prohibited the Department from disclosing any responsive records without first redacting every reference to Doe by name, relationship, or association. Doe argued that "[h]er name and relationship, in the context of these records, connect[ed] [her] to the conduct of those subjects and to unsubstantiated allegations of private sexual conduct with no connection to her public employment." CP at 289.

After conducting an in camera review, the superior court entered a permanent injunction. The superior court accepted some of Doe's proposed redactions and rejected others. The superior court found that the unredacted references to Doe did not connect her to alleged sexual conduct, and, therefore, did not implicate her right to privacy.

The superior court's written order stated that the Department was "permanently enjoined from disclosing any records corresponding to the 141 pages identified herein without first making the redactions described herein . . . ." CP at 330. However, the superior court refused to expressly apply the permanent injunction to future cases, instead leaving it to the parties to determine the effect of the permanent injunction in future cases.

Doe also requested attorney fees, arguing that the Department's defense was frivolous. The superior court found that the Department's defense was not frivolous because there were legal and factual bases for the defenses advanced. The superior court denied Doe's request for attorney fees.

Doe appeals the superior court's permanent injunction order.

## ANALYSIS

A.    REDACTION OF RECORDS

Doe argues that the superior court erred when it failed to order the redaction of all references to Doe's identity in the investigative records. We disagree.

1.    Legal Principles

Although the Department argues that we should review the superior court's permanent injunction for an abuse of discretion, we review a decision to grant or deny an injunction under the PRA de novo. *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 791, 418 P.3d 102 (2018). Whether to grant injunctive relief requires a two-step inquiry:

> First, the court must determine whether the records are exempt under the PRA or an "other statute" that provides an exemption in the individual case. Second, it must determine whether the PRA injunction standard is met.

*Lyft*, 190 Wn.2d at 790. " 'If one of the PRA's exemptions applies, a court can enjoin the release of a public record only if disclosure would clearly not be in the public interest and would

substantially and irreparably damage any person, or . . . vital governmental functions.' " *Lyft*, 190 Wn.2d at 791(alteration in original) (internal quotation marks omitted) (quoting *Morgan v. City of Federal Way*, 166 Wn.2d 747, 756-57, 213 P.3d 596 (2009)).

The PRA requires agencies to "make available for public inspection and copying all public records," unless the record falls within a specific exemption of the PRA or other statute. RCW 42.56.070(1); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013). The exemptions are narrowly construed. *Resident Action Council*, 177 Wn.2d at 431. "If a portion of a public record is exempt, that portion should be redacted and the remainder disclosed." *Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 209, 189 P.3d 139 (2008). The party seeking to prevent disclosure has the burden to prove an exemption applies. *Robbins, Geller, Rudman & Dowd, LLP v. Att'y Gen.*, 179 Wn. App. 711, 719, 328 P.3d 905 (2014).

The PRA includes an exemption for "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy[.]" RCW 42.56.230(3). In order to qualify for this exemption, the information must (1) contain personal information, (2) the person must have a privacy interest in that information, and (3) disclosure of that personal information must violate their right to privacy. *Predisik v. Spokane Sch. Dist. No. 81*, 182 Wn.2d 896, 903-904, 346 P.3d 737 (2015).

A person's identity is considered personal information because it relates to a particular person. *Predisik,* 182 Wn.2d at 904. And a person has a privacy interest when information that reveals unique facts about those named is linked to an identifiable person. *Tiberino v. Spokane County*, 103 Wn. App. 680, 689, 13 P.3d 1104 (2000). A person also has a privacy interest in

intimate matters concerning his or her private life, such as sexual relations and details of the person's life in the home. *Bellevue John Does*, 164 Wn.2d at 212-14.

A person's right to privacy is violated if "disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.56.050. "[W]hether disclosure of particular information would be highly offensive to a reasonable person must be determined on a case by case basis." *West v. Port of Olympia*, 183 Wn. App. 306, 315, 333 P.3d 488 (2014). Disclosure of information containing intimate details of a person's personal and private life would be highly offensive to a reasonable person. *See Tiberino*, 103 Wn. App. 689-90. The public has no legitimate concern in such information when the information is unrelated to governmental operation. *See Tiberino*, 103 Wn. App. 689-90.[1]

2.  Privacy Interest

The parties do not dispute that the responsive records' references to Doe by name, relationship, or association are personal information within public records. However, they dispute whether every reference implicates Doe's privacy interest and is subject to redaction.

Here, not every reference in the responsive records to Doe's identity—by name, relationship, or association—concerns intimate matters of Doe's private life, such as sexual

---

[1] Doe argues that the superior court erred by failing to review each redaction in the context of the record. However, contrary to Doe's argument, the superior court stated, "ultimately my conclusions are where Miss Doe's name and/or relationship is found on records where it is connected to those sorts of activities, *given the context of the records* and all of the background I've already provided, I'm finding that her right of privacy is properly invoked to protect those records." Verbatim Report of Proceedings (Apr. 29, 2016) at 31 (emphasis added). Therefore, the record does not support Doe's claim.

relations or details of her life in the home. Our review of the proposed redactions the superior court rejected shows that many of the references to Doe's identity do not concern her private life and merely disclose details about everyday life. These references do not connect Doe to alleged sexual conduct, concern intimate matters of her private life, or reveal unique facts about Doe. Therefore, these references do not implicate Doe's right to privacy and the superior court did not err in refusing to include them in the injunction.

Other references do not reveal information about Doe's private life but about others' lives. Such references also do not connect Doe to alleged sexual conduct or reveal unique facts about Doe. As a result, these references also do not implicate Doe's privacy interest.

Doe claims that a person reviewing the records could connect her to the sexual conduct through references to her identity that are not directly connected to the sexual conduct. This argument is unpersuasive.

Although a requester may potentially figure out the identity of a person, that does not negate the public's interest in a document. *See Koenig v. City of Des Moines*, 158 Wn.2d 173, 187, 142 P.3d 162 (2006) ("The fact a requester may potentially connect the details of a crime to a specific victim by referencing sources other than the requested documents does not render the public's interest in information regarding the operation of the criminal justice system illegitimate or unreasonable."); *see also Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 414, 259 P.3d 190 (2011) ("An agency should look to the contents of the document and not the knowledge of third parties when deciding if the subject of a report has a right to privacy in their identity."); *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servcs.*, 193 Wn. App. 377, 410-11, 377 P.3d 214 (2016) (holding that information is not exempt because its disclosure could lead

to the discovery of exempt information). The emphasis is on the content of the records. Although a person may be able to figure out Doe's identity from references to her in the records that do not implicate her privacy interest, that does not mean that such references must be redacted as the contents of those records do not implicate Doe's privacy interest. Thus, the superior court did not err when it did not require these references be redacted.

B.      PERMANENT INJUNCTION

Doe asks us to hold that the superior court erred when it failed to apply the permanent injunction to all future public records requests. We decline to do so.

Courts must ensure they are "rendering a final judgment on an actual dispute between opposing parties with a genuine stake in the resolution." *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001). If the court is not doing so, we step " 'into the prohibited area of advisory opinions.' " *To-Ro Trade Shows*, 144 Wn.2d at 416 (quoting *Diversified Indus. Devereaux. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

Here, determining whether the permanent injunction applies to every conceivable future request for the identified records would render final judgment on a dispute, which does not yet exist, between parties who have not been identified. *Ames v. Pierce County*, 194 Wn. App. 93, 114-15, 374 P.3d 228 (2016). Moreover, what is highly offensive may change over time and what is of legitimate interest to the public may change depending on the circumstances. *See* RCW 42.56.050. Accordingly, we decline Doe's request to deliver a prohibited advisory opinion in this case.

C.    ATTORNEY FEES

Doe argues that the superior court abused its discretion when it denied Doe's request for attorney fees.  Doe also requests attorney fees on appeal arguing that the Department's defense was frivolous.  We disagree, and we decline to award Doe attorney fees on appeal.

We review a superior court's decision on attorney fees for an abuse of discretion.  *In re Recall of Piper*, 184 Wn.2d 780, 786, 364 P.3d 113 (2015).  Under RCW 4.84.185, the superior court may award reasonable expenses, including attorney fees, to the prevailing party in any civil action if the action or defense to such action was frivolous.  "An appeal is frivolous if 'no debatable issues are presented upon which reasonable minds might differ, *i.e.*, it is devoid of merit that no reasonable possibility of reversal exists.' " *Hartford Ins. Co. v. Ohio Cas. Ins. Co.*, 145 Wn. App. 765, 780, 189 P.3d 195 (2008) (internal quotation marks omitted) (quoting *Olson v. City of Bellevue*, 93 Wn. App. 154, 165, 968 P. 2d 894, *review denied*, 137 Wn.2d 1034 (1998)).  The action or defense, in its entirety, must be frivolous and advanced without reasonable cause before an award of attorney fees may be made.  *Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992).

Here, the superior court had no basis to award attorney fees to Doe under RCW 4.84.185 because the Department's defense was not entirely frivolous and advanced without reasonable cause.  Doe had requested that every reference to her by name, relationship, or association should be redacted before the responsive records were disclosed.  But the Department argued, and the superior court properly agreed, that not every reference connected her to alleged sexual conduct.  Thus, the Department's defense was not entirely frivolous.  Therefore, the superior court did not abuse its discretion by denying Doe's request for attorney fees under RCW 4.84.185.

And, under RAP 18.1, we will only award a party attorney fees on appeal "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses . . . ." But because the Department's defense was not frivolous, either at the superior court or on appeal, Doe is not entitled to attorney fees under the applicable law, RCW 4.84.185. Accordingly, we deny Doe's request for attorney fees on appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Melnick, J.

9