# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Recall of:<br><br>JAY KINNEY, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br>In the Matter of the Recall of:<br><br>DAWN JANOW, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br>In the Matter of the Recall of:<br><br>KEN DEWITT, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br>In the Matter of the Recall of:<br><br>JOHN T. (TOM) SWOLGAARD, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT. | No. 58939-7-II<br><br><br><br>ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |

Respondent, William Hunt, filed a motion to publish this court's opinion filed on May 29, 2024. After consideration, the court grants the motion. It is now

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**

**PANEL**:  Jj.  Lee, Cruser, Che

LEE, JUDGE

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Recall of:<br><br>JAY KINNEY, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br><br>In the Matter of the Recall of:<br><br>DAWN JANOW, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br><br>In the Matter of the Recall of:<br><br>KEN DEWITT, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT,<br><br><br>In the Matter of the Recall of:<br><br>JOHN T. (TOM) SWOLGAARD, AS COMMISSIONER, BAINBRIDGE ISLAND METROPOLITAN PARK & RECREATION DISTRICT. | No. 58939-7-II<br><br><br>UNPUBLISHED OPINION |

LEE, J. — Four commissioners (collectively the Commissioners) of the Bainbridge Island Metropolitan Parks & Recreation District Board (the Board), who were the subject of recall petitions filed by William A. Hunt, appeal the superior court's order denying their motion for

attorney fees. We hold the superior court did not abuse its discretion in denying the Commissioners' request for attorney fees. Accordingly, we affirm.

FACTS

On May 1, 2023, Hunt filed recall petitions against the following commissioners: Jay Kinney, Dawn Janow, Ken Dewitt, and John T. Swolgaard. The recall petitions alleged five charges: (1) failure to initiate, direct, and administer park and recreation activities, primarily related to allegations that the commissioners failed to follow through on community desires to develop Sakai Park; (2) gross mismanagement of public funds; (3) material misrepresentations made in a grant agreement related to Sakai Park; (4) improper conversion of the Sakai Park property; and (5) violation of the Open Public Meetings Act, chapter 42.30 RCW.

On May 12, as required by statute, the Kitsap County Prosecutor filed petitions in the superior court to determine the sufficiency of the recall charges. On May 24, the parties filed a stipulated order of dismissal. The recall charges were dismissed with prejudice.

Following the dismissal, the Commissioners filed a motion for attorney fees. The motion alleged that Hunt had brought the recall charges against the Commissioners in an attempt to pressure the Commissioners to do what Hunt wanted in regard to developing Sakai Park. The Commissioners argued that the recall charges were frivolous. The Commissioners also alleged that Hunt filed the recall petitions in bad faith because Hunt's motivation for filing the petitions was to put pressure on the Commissioners. The Commissioners argued that "deploying a frivolous recall process for political ends constitutes bad faith." Clerk's Paper (CP) at 91.

In response to the Commissioners' motion for attorney fees, Hunt explained his long history of public participation with the Board regarding parks and recreation in general, and specifically, Sakai Park. Hunt explained his intent "to help improve the recreational opportunities

4

for kids and the [broad] Bainbridge Island community." CP at 192. Hunt included extensive documentation of his public statements urging Board accountability for Sakai Park development, emails to some of the individual commissioners regarding the Sakai Park planning process, and letters of support from the community.

After a hearing, the superior court entered a written order denying the Commissioners' motion for attorney fees. The written order explained the case law governing the award of attorney fees in recall petitions. The superior court noted that a recall petition must be filed in bad faith to support an award of attorney fees. The superior court found:

> In this case, the Court cannot conclude that the petitioner's motivation was solely improper. While petitioner may have had more than one purpose in filing the petition, it cannot be said that he was not also motivated by a sincere belief that the respondents were not fulfilling their duties as elected officials. Accordingly, this court does not need to reach the matter of whether the recall petitions were without legal or factual sufficiency.

CP at 230. The superior court denied the Commissioners' motion for attorney fees.

The Commissioners appeal.

ANALYSIS

A.      SUPERIOR COURT'S BAD FAITH DETERMINATION

The Commissioners argue that the superior court erred in denying their motion for attorney fees by misapplying the law and creating a "'sincere belief'" immunity that shields a petitioner from paying attorney fees even when they have filed a frivolous petition in bad faith. Br. of Appellant at 42. We disagree.

"An award of attorney fees is left to the trial court's discretion and will not be disturbed absent a clear showing of abuse." *In re Recall of Pearsall-Stipek*, 136 Wn.2d 255, 265, 961 P.2d 343 (1998).

RCW 29.A.56.140[1] provides, in relevant part:

> [T]he superior court shall have conducted a hearing on and shall have determined, *without cost to any party*, (1) whether or not the acts stated in the charge satisfy the criteria for which a recall petition may be filed, and (2) the adequacy of the ballot synopsis.

(Emphasis added.) However, RCW 4.84.185 provides, in relevant part:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action. . . .
>
> The provisions of this section apply unless otherwise specifically provided by statute.

In *Pearsall-Stipek*, our Supreme Court held that the apparent conflict between the two statutes should be resolved in favor of the voter, not the elected official. 136 Wn.2d at 266. Therefore, "the superior court may not award expenses and attorney fees under RCW 4.84.185 against a recall petitioner who brings a merely frivolous recall petition." *Id.* However, the cost prohibition in RCW 29.A.56.140 "does not mean . . . that the courts are powerless to respond to intentionally frivolous recall petitions brought for the purposes of harassment." *Id.* CR 11 and the courts' inherent equitable powers allow an award of attorney fees against a petitioner who brings a recall petition in bad faith. *Id.* at 266-67.

*Pearsall-Stipek* recognized that the petitioner's actions suggested "that he may be motivated by spite rather than by a sincere belief in the sufficiency of the recall charges." *Id. at* 267. However, the superior court's attorney fee award was reversed because there was no specific finding that the petitioner acted in bad faith. *Id.*

---

[1] *Pearsall-Stipek* cites to former RCW 29.82.023 (1984). 136 Wn.2d at 265. Former RCW 29.82.023 was recodified as RCW 29.A.56.140 in 2003. LAWS OF 2003, ch. 111, § 2401. There were no substantive changes made to the statute affecting this opinion.

Our Supreme Court again addressed attorney fees in recall petitions in *In re Recall of Lindquist*, 172 Wn.2d 120, 136, 258 P.3d 9 (2011). In *Lindquist*, our Supreme Court reaffirmed the standard set in *Pearsall-Stipek*: attorney fees may not be awarded for defending against a "merely frivolous" petition but may be awarded against petitioners who file in bad faith. *Id.* Our Supreme Court held "[s]ufficient evidence shows that petitioners brought the recall petition with charges they knew to be frivolous, they did so for the purpose of harassment, and they acted in bad faith throughout the recall process." *Id.* The court also explained, "Petitioner's inability to justify filing a frivolous recall petition on the eve of an election, coupled with their refusal to explain their motivations, support the trial court's award of attorney fees." *Id.* at 138.

Finally, in *In re Recall of Piper*, 184 Wn.2d 780, 785-86, 364 P.3d 113 (2015), our Supreme Court reiterated that whether to award attorney fees for a frivolous recall petition is dependent on whether the recall petition was filed in bad faith. *Piper* relied on the standards applied in *Pearsall-Stipek* and *Lindquist*, noting that merely filing a frivolous petition is not sufficient to justify attorney fees, but rather, the petitioner must file a frivolous petition in bad faith. *Id.* at 787. In *Piper*, the petitioners challenged the superior court's finding that they acted in bad faith based on comments made in the superior court's oral ruling. *Id.* at 791-92. But our Supreme Court rejected this argument because the superior court's written findings included a finding that the petitioner's filed a frivolous petition in bad faith. *Id.* And our Supreme Court explicitly noted that petitioners' persistence in pursuing multiple frivolous recall petitions, "suggests that they were motivated by something other than a sincere belief in the sufficiency of the recall charges." *Id.* at 791.

Here, the Commissioners assert that the superior court's order creates a sincere belief immunity that shields a petitioner from paying attorney fees even when the petition was frivolous and filed in bad faith. This is a misrepresentation of the superior court's order. The superior court

explicitly found that Hunt did not act in bad faith because he had a sincere belief in the charges underlying the recall petition; the court did not create a sincere belief immunity to the general rule that the superior court may award attorney fees as a sanction for filing a frivolous petition in bad faith.[2]

The Commissioners also argue that because they presented some evidence that the recall petition may have been filed, in part, to serve an improper purpose, then the superior court must have erred by finding that Hunt did not act in bad faith. However, the case law, read as a whole, shows that in determining whether a petitioner acts in bad faith, the court must examine the totality of the circumstances. *See Lindquist*, 172 Wn.2d at 138 (examining petitioners' purpose in bringing a frivolous petition for harassment, timing of the petition in relation to an election, the petitioners' conduct during the recall process, and the petitioner's refusal to explain their motivations to the superior court to determine bad faith); *Piper*, 184 Wn.2d at 791-92 (considering all of petitioners' conduct including continued pursuit of multiple frivolous recall petitions).

Hunt had a long, documented history of public engagement and activism related to the Board's activities. And it is clear from the record that Hunt truly believed the Commissioners were not fulfilling their duties and responsibilities to the community. Moreover, considering that the recall statutes are meant to be construed in favor of the voter, and attorney fees are presumptively not awarded for responding to recall petitions, Hunt's conduct in filing the recall petitions, even as part of an ongoing campaign to inspire change in the Board's decisions, did not rise to the level of bad faith demonstrated in *Lindquist* and *Piper*.

---

[2] Our Supreme Court's language in *Piper* indicates that bad faith is being "motivated by something other than a sincere belief in the sufficiency of the recall charges." 184 Wn.2d at 791. The natural implication from the Supreme Court's language is that one cannot act in bad faith if they are motivated by a sincere belief in the sufficiency of the recall charges.

Taking the totality of the circumstances into consideration, the superior court did not abuse its discretion in determining that Hunt did not act in bad faith. Because the superior court did not abuse its discretion in determining that Hunt did not act in bad faith, the Commissioners are not entitled to an award of attorney fees.

B.     ATTORNEY FEES AND SANCTIONS ON APPEAL

The Commissioners request attorney fees on appeal under RAP 18.1, arguing that because they are entitled to attorney fees for responding to the recall petitions, they are also entitled to attorney fees for this appeal. RAP 18.1 provides a party the right to recover reasonable attorney fees on appeal, so long as applicable law grants the party the right to attorney fees. RAP 18.1(a). However, for the reasons explained above, the Commissioners do not have the right to recover attorney fees in this case because Hunt did not file the recall petitions in this case in bad faith.

Hunt requests sanctions be imposed against the Commissioners under RAP 18.9 for filing a frivolous appeal. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012). Here, although the Commissioners do not prevail on their appeal, the appeal is not so devoid of merit as to warrant sanctions because the Commissioners made a reasoned argument based on their interpretation of relevant Supreme Court precedent. Accordingly, Hunt's request for sanctions under RAP 18.9 is denied.

The superior court's order denying the Commissioners' motion for attorney fees is affirmed.

No. 58939-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Che, J.