THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| SARA MAYNARD, | No. 82527-5-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOHN MAYNARD JR., and MARY MALEY MAYNARD, and ATTORNEY JOHN R. HOLMES, and ATTORNEY JAMES A. JACKSON, and ESTATE OF HELEN B. MAYNARD by and through Andrew Pollock McConnell III in his capacity as Personal Representative of the Estate of Helen B. Maynard, Jr., | |
| Respondents. | |

ANDRUS, C.J. — Sara Maynard appeals the dismissal of her claims against her brother, John Maynard Jr., who served as personal representative of their parents' estates, and John Holmes, an attorney who assisted their parents in setting up and administering several family trusts, provided legal advice to John Jr. in his role as trustee of these trusts, and represented John Jr. as personal representative of their mother's estate. She also challenges the trial court's award

of attorney fees and costs against her as sanctions under CR 11 and RCW 4.84.185.[1] We affirm in part and reverse in part.

<u>FACTS</u>

This appeal arises out of a dispute between Sara Maynard and her brother, John Maynard Jr. (John Jr.), regarding the handling of the estates of their parents, Helen Sr. and John Maynard Sr. (John Sr.), and his management of several family trusts that their parents established.

John Sr. and Helen Sr. had five children: Carey Maynard Moody, Sara, Helen Jr., John Jr. and Jared Maynard Lawson. According to Sara, her parents retained John Holmes to prepare their wills and to create several testamentary trusts. In July 2000, Holmes witnessed John Sr. execute his will. John Sr. passed away in August 2000. At that time, John Sr.'s will created several trusts, the primary of which being the John C. Maynard Credit Trust (JCM Trust), to which Helen Sr. was appointed trustee. Holmes represented Helen Sr. in her role as personal representative of John Sr.'s estate in 2000, and allegedly represented her in her role as trustee of the JCM Trust.

In 2006, Helen Sr. signed her last will and testament. Holmes also witnessed the execution of the will. In it, Helen Sr. appointed John Jr. to be her personal representative and the successor trustee to the JCM Trust. In 2011, Helen resigned as trustee of the JCM Trust, at which time John Jr. became the

---

[1] Because Sara and John have the same last name, we will refer to them by their first names for clarity. Because Sara's mother and sister are both named Helen, the parties refer to them as Helen Sr. and Helen Jr. We do the same for clarity. Sara, in her notice of appeal, identified trial court rulings relating to defendants James A. Jackson, and the Estate of Helen B. Maynard Jr. (the Helen Jr. Estate). But she subsequently assigned no error to any ruling relating to these defendants. We interpret her failure to do so to constitute an abandonment of any appeal regarding the dismissal of her claims against Jackson and the Helen Jr. Estate.

successor trustee. Holmes advised John Jr. in his role as trustee of the trust and, Sara alleges, continues to do so to this day.

Helen Sr. passed away in 2016. John Jr. filed a petition to probate her estate in King County Superior Court No. 16-4-05205-1 (Probate Litigation) in August of that year. The court appointed John Jr. as the personal representative of her estate and, according to Sara, was represented by Holmes through at least December 2018.

Sara filed a creditor's claim in December 2016. After John Jr. rejected the claim, Sara filed a lawsuit against John Jr. in March 2018, under King County Superior Court No. 18-2-06779-1 (Creditor Claim Litigation). The court granted John Jr.'s motion for summary judgment and dismissed Sara's claims against him personally and as personal representative of Helen Sr.'s estate in October 2018 because her claims were time-barred under RCW 11.40.100(1).

In the Probate Litigation, Sara contested John Jr.'s proposed distribution of property under Helen Sr.'s will and alleged that her siblings, along with John Jr.'s attorneys—Holmes and James Jackson—conspired to deprive her of personal property her mother bequeathed to her. Sara also claimed that Holmes had received this personal property from her mother's safety deposit box in 2017, and refused to give it to her. Sara signed a receipt on June 30, 2017, acknowledging receipt of certain family jewelry distributed to her from her mother's safe deposit box. But she continued to maintain that Holmes was withholding additional personal property to which she was entitled.

Meanwhile, in November 2017, John Jr. notified Sara and his other siblings of his desire to make a partial distribution from Helen Sr.'s estate and from the

JCM Trust. He sent proposed distribution agreements for the siblings to sign, which included releases of liability and indemnification provisions to which Sara objected.

In April 2018, the probate court approved John Jr.'s petition to approve his final report and the plan of distribution of Helen Sr.'s estate and denied Sara's request for an accounting. It did order the estate to provide Sara with tax records for 2016 and 2017 and required Sara to identify within 30 days the personal property she claimed she remained entitled to receive from the estate.

Shortly after the probate court entered this order, John Jr., as trustee of the JCM Credit Trust, filed a petition seeking court approval of his activities in managing that trust through April 30, 2018, under King County Cause No. 18-4-03455-5 (JCM Trust Litigation). At a July 10, 2018 hearing, the court informed John Jr. that he had no authority to require Sara to execute a release of liability as a condition of receiving what she was entitled to receive from the trust. The court "declined to use its authority under RCW 11.96A.020 to essentially bless the actions of the trustee for the past 8 years. Further, the trustee's demand that beneficiaries waive any and all claims and indemnify the trustee (and possibly each other) in order to receive a distribution to which they are entitled . . . is improper and [was] rightfully refused by Sara Maynard."[2]

According to Mary Maley, John Jr.'s wife, Sara filed a new lawsuit against John Jr. in July 2018 under King County No. 18-2-16613-6 but Sara subsequently

---

[2] The record in this appeal does not indicate the current status of the JCM Trust Litigation. Sara supplied a December 2019 court order under which Jackson, John Jr.'s attorney, was ordered to provide Sara with copies of all trust documentation from 2011 to 2019. We have no further information before us regarding the claims, if any, pending before the court in that litigation.

dismissed that action voluntarily before effectuating service of process. We have no record of the claims Sara raised in that lawsuit.

In June 2019, the probate court entered an order approving the final decree of distribution of Helen Sr.'s estate and ordered Sara to pay $7,000 in attorney fees to the estate for bringing baseless claims. Sara appealed that ruling to this court in *In re Estate of Helen Maynard*, No. 80179-1, an appeal Sara voluntarily dismissed in February 2020.

Sara then filed this lawsuit against John Jr., Mary Maley, and John Holmes in August 2019. In an October 22, 2020 first amended complaint, Sara added as defendants Jackson and the estate of her sister, Helen B. Maynard Jr. Her complaint alleged 19 causes of action related to the handling of the estates of her parents and the family trusts.

All of the defendants filed motions to dismiss under CR 12(b)(6). In their motions, the siblings explained Sara's long history of forcing her family to endure "acrimonious litigation." The defendants argued that her claims were time barred, barred by res judicata, barred by litigation immunity, improperly pleaded, not causes of action recognized under Washington law, or claims belonging to her parents' estates or the family trusts, which Sara lacked standing to prosecute. The defendants also requested sanctions and attorney fees under RCW 4.84.185 and CR 11.

The trial court granted each motion to dismiss with prejudice. The court also concluded the claims were frivolous in violation of CR 11 and RCW 4.84.185 and awarded each defendant attorney fees. Sara appeals.

ANALYSIS

Sara's appeal consists of convoluted and often repetitive assignments of error related to the trial court's dismissal of her claims against only two of the named defendants, John Jr. and Holmes. She also argues that the trial court denied her due process, the trial court was biased against her, and the trial court erred in awarding attorney fees under CR 11 and RCW 4.84.185. We affirm in part and reverse in part.

Standard of Review

We review a trial court's ruling to dismiss a claim under CR 12 (b)(6) de novo. *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove "any set of facts which would justify recovery." *Id.* The court presumes all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims. *Id.* at 330.

Deficiencies in Sara's Appeal Briefing

Sara alleges 21 separate assignments of error on appeal. Holmes asks this court to deem all of Sara's assignments of error waived based on deficiencies in her appellate briefs. We agree that Sara has failed to preserve many—but not all—of the errors she now raises in this court.

Under RAP 10.3(a)(6), an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." "We do not consider conclusory arguments that are unsupported by citation to authority. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."

*Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014) (citations omitted). Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). "It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." *Port Susan Chapel of the Woods v. Port Susan Camping Club*, 50 Wn. App. 176, 188, 746 P.2d 816 (1987).

Sara pleaded multiple claims against John Jr. and Holmes in her first amended complaint, many of which she fails to address in her briefing to this court. We will not review the dismissal of any claims other than her claims for breach of fiduciary duty against John Jr. and Holmes and the claim of legal malpractice against Holmes, as she has failed to provide any argument to support her other claims, has not cited to the record with regard to most of her arguments, and has provided us with no meaningful analysis of these claims.

As to Sara's assignment of error no. 15, in which she contends the trial court denied her rights to due process, and assignment of error no. 14, relating to the trial court's denial of her motion to amend her complaint, neither claim warrants our consideration under RAP 10.3(a)(6) because Sara does not provide any citation to authority or legal argument to support them.[3] The same is true regarding assignment of error no. 4; Sara assigns error to the trial court's dismissal

---

[3] Sara also raises this due process argument for the first time on appeal and makes no argument that the trial court committed manifest error affecting a constitutional right, as required for review of the issue under RAP 2.5(a)(3). " 'Manifest' in RAP 2.5(a)(3) requires a showing of actual prejudice." *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). Sara has made no such showing. The claim is therefore also waived under RAP 2.5(a).

of her claims with prejudice on the grounds that the court did not specify that it was dismissing with prejudice in its oral ruling and that the written order conflicts with the oral ruling. But she does not cite authority for her argument that when a trial court dismisses with prejudice, it needs to specify as much in its oral ruling, nor does she devote any argument to this assignment of error. It is therefore also waived under RAP 10.3(a)(6).

Finally, Sara alleges for the first time on appeal that the trial court judge "demonstrated a predisposition of prejudice" against her and did not spend enough time considering her allegations. An argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal. *Sourakli v. Kyriakos, Inc.*, 144 Wn. App. 501, 509, 182 P.3d 985 (2008). We thus decline to consider this argument under RAP 2.5(a). Additionally, Sara did not assign error or cite any authority in support of this argument. Her failure to do so under RAP 10.3(a)(6) precludes appellate consideration of this alleged error. *Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003).[4]

<u>Assignment of Error Nos. 1, 2 and 18 (Statute of Limitations)</u>

Sara first argues the trial court erred in dismissing claims against John Jr. and Holmes as time barred by applicable statutes of limitations. She claims that

---

[4] Additionally, at least three of Sara's assignments of error (nos. 6, 7, and 8) address the trial court's dismissal of her claims on standing grounds. But these assignments of error are based on a misunderstanding of the trial court's order. The only time the defendants argued lack of standing below was with regard to Sara's claim of "breach of duty to Estate of Helen B. Maynard." Holmes argues on appeal that, to the extent that Sara is suing on behalf of a particular trust or estate, she lacks standing to do so. Sara argues on appeal, seemingly contrary to her claims below, that she is only suing on behalf of herself. The trial court never held that she does not have standing to sue Holmes and John Jr. for breach of duties they owed Sara as her counsel and trustee. Because Sara no longer argues she has standing to sue on behalf of Helen Sr.'s estate, her assignments of error regarding standing are moot.

the court applied "the wrong date of tolling the statute of limitations," that her "claims are based upon [her] point of discovery of the damages," and that "[t]he commencement, running, and tolling of the statute of limitations are factual determinations inappropriate to a dismissal under Rule 12(b)(6)."

Sara appears to make two arguments. First, she contends the limitations period for her claims against John Jr. should be tolled while he continues to serve as trustee of the JCM Credit Trust, or for the period of time he served as personal representative of their mother's estate. Second, she maintains that any claims against Holmes should be tolled by the "continuous representation rule." She cites two cases to support these general arguments, *Janicki Logging & Constr. Co. v. Schwabe, Williamson & Wyatt*, 109 Wn. App. 655, 661-61, 37 P.3d 309 (2001), and *Giraud v. Quincy Farm & Chem.*, 102 Wn. App. 443, 452, 6 P.3d 104 (2000).

In *Giraud*, this court set out the law on the discovery rule: the limitations period for certain tort claims begins to run when the plaintiff's cause of action accrues. 102 Wn. App. at 449. For negligence claims, the cause of action accrues when the plaintiff suffers injury or damage. *Id.* When there is a delay between an injury and a plaintiff's discovery of it, the court may apply the discovery rule, provided the delay was not caused by a plaintiff sleeping on her rights. *Id.* "The discovery rule operates to toll the date of accrual until the plaintiff knows or, through the exercise of due diligence, should have known all the facts necessary to establish a legal claim." *Id.* But to invoke the discovery rule, the plaintiff must show that she could not have discovered the relevant facts earlier. *Id.*

Sara provides no analysis as to how the discovery rule applies to her breach of fiduciary duty or legal malpractice claims and has not identified the date on which

she discovered her alleged damages. From what we can discern from the amended complaint, Sara alleges her brother, John Jr., cheated her out of money she believes she should have inherited from her parents, or he diverted funds from family trusts to which she claims she was or is a beneficiary. Sara also alleges that Holmes, as attorney for the family trusts, somehow participated in this diversion of assets.

But many of the events Sara alleges date back to 2000, 2009 and 2013. Sara fails to explain what statute of limitations applies to each of her claims against John Jr. and Holmes, or why the applicable limitations period should be tolled for any particular period of time. We thus cannot determine how the discovery rule as laid out in *Giraud* applies to Sara's dismissed claims.

Sara's reliance on *Janicki* is similarly difficult to understand. In that case, this court held that under the continuous representation rule, a statute of limitations for a claim of legal malpractice is tolled until the end of an attorney's representation of a client in the matter in which the alleged malpractice occurred. 109 Wn. App. at 663-64. While Sara did plead a legal malpractice claim against Holmes in her amended complaint, she did not allege below that Holmes committed malpractice in any legal proceeding in which he represented her.

As a result, any claims arising out of alleged events before August 26, 2016 (three years before she filed this action) are time-barred under RCW 4.16.080 (three-year statute of limitations applies to claims of negligence), or RCW 11.96A.070 (three-year statute of limitations applies to claim against trustee for breach of fiduciary duty). The trial court did not err in concluding that any breach

of fiduciary duty or legal malpractice claims arising prior to August 26, 2016 are barred by the statute of limitations.

However, Sara also alleges that John Jr. and Holmes violated duties owing to her during the course of the Probate Litigation, the Credit Claim Litigation, and the JCM Trust Litigation, all of which occurred during the relevant three-year window. We must thus address the other bases on which the trial court dismissed her claims against these two defendants.

<u>Assignment of Error Nos. 2, 5, 11, 16, 19, 20, and 21 (Res Judicata)</u>

Sara contends the trial court erred in dismissing her fiduciary duty and legal malpractice claims under the doctrine of res judicata. We disagree as to claims Sara raised or could have raised in the Probate Litigation, but agree as to claims she has yet to prosecute relating to the JCM Trust.

Res judicata prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action. *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). A threshold requirement of res judicata is a final judgment on the merits in the prior suit. *Matter of Rights to Use of Surface Waters of Yakima River Drainage Basin*, 198 Wn.2d 687, 706, 498 P.3d 911 (2021). We review whether res judicata applies de novo. *Matter of Recall of Fortney*, 199 Wn.2d 109, 124, 503 P.3d 556 (2022).

Sara contends there was no final judgment on the merits of any of her claims against John Jr. or Holmes in the Probate Litigation. We disagree. The probate court issued a final judgment on the merits of Sara's probate-related claims when that court issued an order approving John Jr.'s administration of the estate and rejecting Sara's claims. Sara attempted on three separate occasions to appeal

rulings of the probate court. *See In re Estate of Helen B. Maynard*, No. 76464-1-I (Sara sought discretionary review of probate court orders; review denied); *In re the Estate of Helen B. Maynard*, No. 80179-1-I (Sara filed notice of appeal from various probate orders; voluntarily dismissed appeal in 2020); *In re Estate of Helen B. Maynard*, No. 81270-0-I (Sara again filed and later voluntarily dismissed appeal from probate rulings). The June 14, 2019 order became a final judgment on the merits of any claim that Sara raised or could have raised regarding Sara's right to receive property from the estate, John Jr.'s administration of the estate or Holmes's involvement in, or conduct during, the Probate Litigation, when she dismissed her last appeal.

Sara also contends that her claims here are different from the claims she asserted in the Probate Litigation. Res judicata applies when the two actions have identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Hadley v. Cowan*, 60 Wn. App. 433, 441, 804 P.2d 1271 (1991). A probate action can have res judicata effect in a later tort action. *Id.* at 440.

Although not clear from Sara's complaint and her appeal, she appears to be raising two different types of claims—claims relating to her right to inherit from her mother and John Jr.'s management of the probate estate as the personal representative of that estate, and claims relating to her right to receive trust funds from the JCM Trust and John Jr.'s management of the JCM Trust as its trustee.

As to her inheritance-related claims, the subject matter of the Probate Litigation and this new lawsuit are the same and the people involved in both lawsuits are the same. John Jr. was personal representative of the estate and is

a defendant here. Although Holmes was not a party in the Probate Litigation, he was actively involved as counsel for John Jr.

To determine if there is identity of causes of action, we consider whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, whether substantially the same evidence is presented in the two actions, whether the two suits involve an infringement of the same right, and whether the two suits arise out of the same transactional nucleus of facts. *Id.* at 441-42 (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.), *cert. denied*, 459 U.S. 1087 (1982)). We conclude that under these factors, Sara is precluded from raising a breach of fiduciary duty claim against either John Jr. or Holmes as to their administration of the probate estate, as that claim was one she did raise or could have raised in the Probate Litigation. To permit Sara to reopen the administration of her mother's estate through this type of collateral attack would impair the rights of the other beneficiaries.

Sara appears to contend that newly discovered evidence would establish that "the Estate [of] Helen Maynard Sr. probate was incorrectly closed in June 2019." But once a judgment is final, a court may reopen it only when specifically authorized by statute or court rule. *In re Marriage of Shoemaker*, 128 Wn.2d 116, 120, 904 P.2d 1150 (1995). Sara presents no argument that a statute or court rule

allows her to collaterally attack the finality of a judgment in a new lawsuit based on allegations of newly discovered evidence.[5]

The report of proceedings from the June 14, 2019 probate hearing and the pleadings Sara presented below demonstrate that she litigated or had the opportunity to litigate her inheritance-related claims in the Probate Litigation. Sara is barred by res judicata from relitigating these claims in this new lawsuit.

We cannot, based on the record before us, reach the same conclusion as to claims relating to her right to receive trust funds from the JCM Trust and John Jr.'s management of the JCM Trust as its trustee. According to a November 2017 letter from John Jr. to his siblings, as trustee of the JCM Trust, he was obligated to disburse its assets within a reasonable time following the death of their mother. At the time of this letter, the trust assets were valued at $763,891. He proposed disbursing $142,000 to each of the five beneficiaries and reserving $53,891 for future tax preparation and legal fee expenses. These assets were not within Helen Sr.'s probate estate and thus were not within the scope of the probate court's final order of distribution. Sara raised allegations of mismanagement of the JCM Trust at various stages of the Probate Litigation, but it is not clear that the probate court had the authority to rule on any such allegations because they did not affect the distribution of assets from Helen Sr.'s estate.

While it is possible that Sara has raised or could have raised claims about John Jr.'s management of the JCM Trust in the JCM Trust Litigation, we have no

---

[5] CR 60(b)(3) would have allowed Sara to file a motion to vacate the final order based on newly discovered evidence within a year of the final order. There is no indication in the record before us that she ever sought such relief from the probate court.

indication that a final judgment on the merits has been entered in that proceeding. Res judicata thus does not bar Sara's claims against John Jr. or Holmes to the extent they relate to their management of the JCM Trust after August 26, 2016.[6]

Assignment of Error No. 13 (Litigation Immunity)

Next, Sara argues that the trial court erred in dismissing her claims against Holmes on the basis of litigation immunity. She contends the doctrine does not apply because Holmes did not file a notice of appearance in the JCM Trust Litigation. While Sara misunderstands the doctrine, as no notice of appearance was required for the doctrine to apply, we also do not see how it applies to her claims against Holmes.

It is an absolute defense to a claim of defamation that the allegedly libelous statements were made in the course of judicial proceedings. *Twelker v. Shannon & Wilson*, 88 Wn.2d 473, 475, 564 P.2d 1131 (1977). Such statements are privileged, even if false or defamatory. *Id.* This defense applies to lawyers who make statements in the course of representing their clients and to witnesses alike. *Id.* (doctrine applied to engineering expert who was retained to investigate cause of landslide). Thus, the fact that Holmes did not appear as counsel for John Jr. in the JCM Trust Litigation is not dispositive.

But the doctrine nevertheless does not apply here because Sara has not sued Holmes for defamation. Although Sara pleaded a claim of defamation in her

---

[6] To the extent that the trial court dismissed any of Sara's claims regarding John Jr.'s or Holmes's management of the JCM Trust after August 2016 based on inadequate or defective pleading, we do not agree. A plaintiff claiming negligence or breach of fiduciary duty must establish duty, breach, causation, and injury. *Miller v. U.S. Bank of Wash., N.A.*, 72 Wn. App. 416, 426, 865 P.2d 536 (1994). She alleged these elements in her first amended complaint.

first amended complaint, she did so only as to John Jr. and the Estate of Helen Jr., the dismissal of which she has not raised on appeal.

Assignment of Error Nos. 3, 9, 10, 12 (Sanctions and Attorney Fees)

Sara finally challenges the trial court's award of attorney fees to Holmes and John Jr. under RCW 4.84.185 and CR 11.

RCW 4.84.185 authorizes a trial court to award reasonable attorney fees incurred in opposing an action deemed "frivolous and advanced without reasonable cause." The statute requires that a lawsuit, in its entirety, must be frivolous. *Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992). The trial court is not empowered to sort through a lawsuit, search for abandoned or frivolous claims and then award attorney fees based solely on isolated claims. *Id.* at 136. If one claim advances to trial, the lawsuit cannot be frivolous in its entirety and fees under RCW 4.84.185 are not appropriate. *State ex rel. Quick-Ruben v. Ver*, 136 Wn.2d 888, 904, 969 P.2d 64 (1998).

CR 11 allows sanctions in the form of an award of attorney fees when a litigant "fil[es] a claim for an improper purpose, or if the claim is not grounded in fact or law and the signing litigant failed to conduct a reasonable inquiry." *In re Recall of Piper*, 184 Wn.2d 780, 787, 364 P.3d 113 (2015). CR 11 differs from RCW 4.84.185 in that the court rule does not require the court to find that the entire lawsuit is frivolous. CR 11 is not a fee shifting mechanism but rather a deterrent to frivolous pleadings. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

We review sanctions awarded for frivolous actions or defenses or for pleadings filed for improper purpose for abuse of discretion. *Kilduff v. San Juan County*, 194 Wn.2d 859, 874, 453 P.3d 719 (2019).

The trial court awarded attorney fees to the Estate of Helen Jr., to Jackson, and to Holmes. Although the trial court entered an order that awarded reasonable attorney fees and costs to "[a]ll other [d]efendants" under CR 11 and RCW 4.84.185, there is no separate monetary judgment in John Jr.'s favor in the record before us. Because there was no monetary award to John Jr. under either the statute or court rule, there is nothing for us to reverse on appeal.

As to the award of attorney fees and costs to Holmes, the court found that the complaint violated CR 11 and the action as a whole was frivolous under RCW 4.84.185. Because we reverse the CR 12(b)(6) dismissal of Sara's legal malpractice claim as to Holmes' actions after August 2016, we must also reverse the award of attorney fees under RCW 4.84.185. Although a trial court may on remand determine that the case against Holmes is frivolous in its entirety, we cannot make that determination at this stage. As for the imposition of sanctions under CR 11, we do not reverse the trial court's finding that many of Sara's allegations against Holmes are frivolous as they are clearly barred by the statute of limitations. But we reverse the award of CR 11 sanctions to allow the trial court to determine whether the amount of attorney fees awarded remains reasonable in light of this court's decision.

<u>Attorney Fees on Appeal</u>

Both John Jr. and Holmes seek attorney fees under RAP 18.9(a), which permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action or fails to comply with the RAPs. *Reid v. Dalton*, 124 Wn. App. 113, 128, 100 P.3d 349 (2004); RAP 18.9(a). An appeal is frivolous if, considering the entire record,

- 17 -

the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. *Advocates for Responsible Devt v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Sara's appeal was not so devoid of merit to warrant an imposition of attorney fees.

To be clear, we do not conclude that Sara's claim against John Jr. arising out of his management of the JCM Trust after August 26, 2016 is factually well-founded. Nor do we so conclude with regard to her legal malpractice claim against Holmes. Our ruling is narrow and based solely on the fact that these claims were erroneously dismissed under CR 12(b)(6). Sara must still produce evidence on remand to substantiate her allegations and her failure to do so may expose her once again to an assessment of legal fees and costs.

Affirmed in part; reversed in part.

Andrus, C.J.

WE CONCUR: