## NOTICE: SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 20, 2023

*González C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 20, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| COPPER CREEK (MARYSVILLE) HOMEOWNERS ASSOCIATION, a Washington nonprofit corporation, | ) ) ) ) | No. 100918-6 |
| Petitioner, | ) ) ) | En Banc |
| v. | ) ) ) | Filed: <u>July 20, 2023</u> |
| SHAWN A. KURTZ and STEPHANIE A. KURTZ, husband and wife and the marital or quasi-marital community composed thereof; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as trustee from Pretium Mortgage Acquisition Trust; SELENE FINANCE, LP, | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

YU, J. — This case concerns the statute of limitations to foreclose on a deed of trust securing an installment loan after the borrower receives an order of discharge in bankruptcy. As detailed in *Merritt v. USAA Federal Savings Bank*, No. 100728-1 (Wash. July 20, 2023), we hold that a new foreclosure action on the deed of trust accrues with each missed installment payment, even after the borrower's personal liability is discharged. Actions on written contracts are subject to a six-year statute of limitations. Therefore, the nonjudicial foreclosure action on the deed of trust in this case was timely commenced as to all unpaid installments within the preceding six years, regardless of the borrowers' bankruptcy discharge orders.

On cross review, respondents (the lender and the loan servicer) challenge the trial court's attorney fee award. We hold that the trial court properly exercised its discretion to award fees as an equitable sanction for respondents' litigation misconduct. Therefore, although respondents are entitled to their appellate attorney fees as the prevailing parties on appeal, we uphold the trial court's equitable fee award. The Court of Appeals is affirmed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A.     Shawn and Stephanie Kurtz purchase a home in 2007

The property at issue in this case is a residential home that was purchased in 2007 by Shawn and Stephanie Kurtz, who are not parties on review. The Kurtzes

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

financed their purchase with a home loan evidenced by a promissory note. The loan was to be repaid in installments with a final maturity date of June 1, 2037.

The promissory note is secured by a deed of trust. The current trustee is Quality Loan Service Corporation of Washington (QLS), which is not a party on review. The current beneficiary is respondent Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. The current loan servicer is respondent Selene Finance LP.

The house is located in a subdivision, which requires property owners to pay homeowners association (HOA) assessments to petitioner Copper Creek (Marysville) Homeowners Association. The HOA assessments "shall be a continuing lien upon the Lot against which each such assessment is made." Clerk's Papers (CP) at 793. If the assessments are not paid, then Copper Creek is entitled to foreclose on its lien. However, Copper Creek's lien is "subordinate to any security interest perfected by a first deed of trust or mortgage granted in good faith and for fair value upon such Lot." *Id.* at 753. Thus, it is undisputed that the deed of trust securing the Kurtzes' home loan is senior to Copper Creek's lien for HOA assessments.

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

B.      The Kurtzes file for bankruptcy and move out; after years of vacancy, a custodial receiver is appointed for the property

Stephanie[1] moved out of the house in January 2008 and made no further payments on the home loan.  The Kurtzes became legally separated later that year, and their divorce was finalized in June 2011.  The Kurtzes stopped paying their HOA assessments in July 2010.  Shawn stopped making payments on the home loan sometime around 2010, but he could not recall the "exact date" of his last payment.  *Id.* at 893.

Stephanie petitioned for Chapter 7 bankruptcy on February 24, 2010, and received an order of discharge on June 14, 2010.  *Id.* at 916, 864; *see* 11 U.S.C. § 727.  Shawn petitioned for Chapter 7 bankruptcy on March 25, 2011, and received an order of discharge on July 13, 2011.  CP at 966-67, 872.  Shawn moved to Hawaii sometime in 2011.  Neither of the Kurtzes subsequently returned to the house, nor did they make any further payments toward their home loan or their HOA assessments.  However, there was no attempt to foreclose on the deed of trust.  As a result, the house sat vacant for years and fell into disrepair.  The Kurtzes remained the property owners of record and HOA assessments continued to accrue in their names.

---

[1] We refer to the Kurtzes by their first names in order to distinguish between them.  We intend no disrespect.

4

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

In November 2018, Copper Creek recorded a notice of claim of lien for unpaid HOA assessments, fees, costs, and interest. In January 2019, Copper Creek filed a complaint against the Kurtzes in Snohomish County Superior Court, seeking foreclosure on the lien and a custodial receiver for the property.

The trial court signed an agreed order appointing a receiver with authority to "obtain possession" of the house, "refurbish it for rental up to a reasonable standard," and "rent it to third parties" to recoup the costs of the receivership and the unpaid HOA assessments. Suppl. CP at 1723 (citing RCW 64.34.364(10)). The receiver observed that the house "needed substantial repairs and appeared to have been uninhabited for many years." *Id.* at 1180. The repairs took "nearly five months" to complete, at a cost of $22,470.24. *Id.* The house was rented out at the end of September 2019.

C.     QLS initiates nonjudicial foreclosure; the trial court ultimately quiets title in favor of Copper Creek

In October 2019, approximately one month after the house was rented out, QLS initiated nonjudicial foreclosure proceedings by mailing, posting, and recording a notice of trustee's sale. Copper Creek requested that QLS cancel the sale, asserting that it was barred by the statute of limitations. QLS declined.

In February 2020, Copper Creek amended its complaint to add claims against QLS and respondents for restraint of the trustee's sale, wrongful foreclosure, treble damages, quiet title, and declaratory relief. Thereafter, the

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

litigation became highly contentious. Additional details are set forth as relevant to our analysis of the trial court's equitable fee award, below.

Ultimately, the trial court granted summary judgment and quieted title to Copper Creek. The trial court ruled that the foreclosure was time barred, reasoning that respondents "had six years from the date [of] Mr. and Ms. Kurtz['s] bankruptcy discharge orders to bring a foreclosure action on the debt secured by their [deed of trust] and failed to do so." CP at 251. The trial court also awarded Copper Creek attorney fees "as a matter of equity" based on respondents' "bad faith and misconduct shown repeatedly and throughout this case." *Id.* at 21. Respondents appealed.

In a published opinion, the Court of Appeals reversed the order quieting title, holding that the Kurtzes' bankruptcy discharge orders did not affect the statute of limitations to foreclose on the deed of trust because "[t]he debt, the note, and the payment schedule remain unchanged." *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wn. App. 2d 605, 625, 508 P.3d 179 (2022). Therefore, the Court of Appeals held that the October 2019 notice of trustee's sale was timely as to any unpaid installments within the preceding six years, as well as "the remainder due under the note." *Id.* Nevertheless, the Court of Appeals affirmed the trial court's fee award, holding that "[t]he change of prevailing party

does not require vacating that equitable award" because "an independent basis in equity justified the award of attorney fees." *Id.* at 627.

Copper Creek sought review on the statute of limitations issue, supported by an amicus memorandum filed by the Northwest Consumer Law Center. Respondents opposed review but contingently sought cross review of the trial court's fee award. We granted review of both issues and accepted for filing three amici briefs on the statute of limitations issue: the Federal Housing Finance Agency, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation filed a joint amici brief supporting respondents, and the Northwest Justice Project and the Washington chapter of the Community Associations Institute each filed an amicus brief supporting Copper Creek.

## ISSUES

A.     Is respondents' nonjudicial foreclosure action on the deed of trust securing the Kurtzes' home loan barred by the statute of limitations?

B.     Did the trial court abuse its discretion in awarding attorney fees as an equitable sanction against respondents?

## ANALYSIS

A.     Bankruptcy discharge does not affect the statute of limitations to foreclose on a deed of trust securing an installment loan

The statute of limitations to foreclose on a deed of trust after personal liability for the underlying debt has been discharged in bankruptcy is a matter of

7

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

first impression in our court. However, this issue has arisen numerous times in the Court of Appeals and in federal courts applying Washington law.

From 2015 to 2021, nearly every court to consider the issue held, implied, or stated in dicta that "the statute of limitations does not accrue after discharge because, at that point, no future installment payments are due and owing." *Luv v. W. Coast Servicing, Inc.*, No. 81991-7-I, slip op. at 5 (Wash. Ct. App. Aug. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819917.pdf, *review denied*, 198 Wn.2d 1035 (2022); *see, e.g.*, *Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 931, 378 P.3d 272 (2016); *Silvers v. U.S. Bank Nat'l Ass'n*, No. 15-5480 RJB, 2015 WL 5024173, at *4 (W.D. Wash. 2015) (court order). *But see In re Plastino*, 69 Bankr. Ct. Dec. 177, 2020 WL 7753628, at *3-4 (Bankr. W.D. Wash. 2020) (mem. decision).[2]

For the reasons stated in *Merritt*, No. 100728-1, we now reject such a rule. The six-year statute of limitations to foreclose on a deed of trust securing an installment loan accrues with each unpaid installment, even after the borrower's personal liability has been discharged in bankruptcy. We therefore affirm the Court of Appeals, reverse the trial court's order quieting title, and remand for further proceedings consistent with this opinion. As the prevailing parties on

---

[2] Unpublished court orders and opinions are cited only as "necessary for a reasoned decision." GR 14.1(c).

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

appeal, respondents are entitled to their appellate attorney fees in accordance with the fee provision in the deed of trust. *See* CP at 1042.

B.      The trial court properly awarded attorney fees to Copper Creek as an equitable sanction against respondents

As noted above, in addition to quieting title, the trial court granted Copper Creek "an attorneys' fees award as a matter of equity" due to respondents' "bad faith and misconduct shown repeatedly and throughout this case." *Id.* at 21. Despite the change in prevailing party on appeal, the Court of Appeals affirmed the trial court's equitable fee award. *Copper Creek*, 21 Wn. App. 2d at 627. We affirm the Court of Appeals.

1.      Additional procedural history

As indicated above, the litigation became highly contentious after Copper Creek amended its complaint to add claims against respondents in late February 2020. Initially, respondents moved to dismiss pursuant to CR 12(b)(6), arguing that Copper Creek did not have standing because it was not the property owner of record. However, with the assistance of a Washington attorney, the Kurtzes granted Copper Creek a statutory warranty deed in lieu of foreclosure, which was signed in April 2020 and recorded in June 2020. As a result, Copper Creek opposed respondents' motion to dismiss and moved for leave to file a second amended complaint.

9

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

Respondents argued in June 2020 that amending the complaint would be futile because "the statute of limitations was tolled from origination of the loan through at least February 2020, due to Mr. Kurtz's active duty [military] status" pursuant to the federal Servicemembers Civil Relief Act (SCRA) and its Washington counterpart.[3] CP at 701. Respondents raised the same SCRA tolling argument in a supplemental brief supporting their CR 12(b)(6) motion, which was filed in July 2020.

Meanwhile, between March and June 2020, respondents' counsel was communicating via e-mail with counsel for Copper Creek and, separately, with the Kurtzes. These e-mail exchanges ultimately factored into the trial court's equitable fee award.

First, in a March 2020 e-mail to counsel for Copper Creek, respondents' counsel asserted that the statute of limitations to foreclose on the deed of trust had not expired because "[t]he borrowers requested a short sale in 2013." Suppl. CP at 1665. Respondents did not raise that issue in any of their motions to the trial court.

A request for a short sale *might* have restarted the statute of limitations as a "written acknowledgment" of the debt, although we express no opinion as to

---

[3] 50 U.S.C. §§ 3901-4043; RCW 38.42.090. The Court of Appeals held that "the SCRA ceased to toll the statute of limitations" once Shawn received his bankruptcy discharge order because "[w]ithout Shawn's personal liability, the debt, as evidenced by the note, was no longer enforceable against a service member." *Copper Creek*, 21 Wn. App. 2d at 614. Neither party sought review of any issue relating to the SCRA in this court. Therefore, we express no opinion regarding the proper application of the SCRA to the facts of this case.

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

whether it necessarily would have done so. *In re Receivership of Tragopan Props., LLC*, 164 Wn. App. 268, 270, 263 P.3d 613 (2011) (citing RCW 4.16.280); *see also U.S. Bank NA v. Kendall*, No. 77620-7-I, slip op. at 13-15 (Wash. Ct. App. July 1, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/776207.pdf. [4] Thus, Copper Creek recognized that the Kurtzes' alleged request for a short sale might be dispositive of Copper Creek's statute of limitations argument. However, the Kurtzes "stated they never did a short sale," so Copper Creek asked for documentation from respondents and offered to obtain "authorization" from the Kurtzes if necessary. Suppl. CP at 1673, 1675.

Respondents refused to provide any documentation, stating only that they were "not interested in entering into a release or disclosing loan file documents." *Id.* at 1677. Copper Creek made a formal discovery request, but respondents refused to provide any information about any alleged "acknowledgement of the debt," arguing instead that Copper Creek lacked standing, that the discovery request was "premature," and that the statute of limitations was tolled by the SCRA. *Id.* at 1077-78. As a result, in June 2020, Copper Creek filed a motion to

---

[4] A "short sale" generally occurs when there is "a written agreement for the purchase and sale of owner-occupied residential real property," but the "sale proceeds" would be "insufficient to pay in full the obligation owed to a senior beneficiary of a deed of trust encumbering the residential real property." RCW 61.24.026(1)(a); *see also Kendall*, No. 77620-7-I, slip op. at 13-15. The property owner may offer "the entire net proceeds of the sale" to the senior beneficiary, who "may determine, in its sole discretion, whether to accept, reject, or counter-offer the seller's written offer." RCW 61.24.026(1)(b).

compel discovery, seeking "documentation regarding a short sale or other acknowledgement of the debt." *Id.* at 1687. In opposition, respondents argued that they had already "produced substantive responses." CP at 697.

While this discovery dispute was developing, respondents' counsel also attempted to contact the Kurtzes. In May 2020, respondents' counsel e-mailed the Kurtzes directly (not through counsel), asking if they would "waive the statute of limitations on the underlying loan" and offering "something in exchange for [their] trouble." Suppl. CP at 1570. Shawn forwarded the e-mail to his attorney and counsel for Copper Creek, stating, "I do not wish to waive anything and don't like how they are trying to bribe me into the waiver." *Id.* Counsel for Copper Creek brought the e-mail to the trial court's attention. The Kurtzes never waived the statute of limitations.

In June 2020, the trial court granted Copper Creek leave to amend its complaint. In a separate order filed the same day, the trial court also granted Copper Creek's motion to compel discovery and ordered respondents to provide "good faith responses." *Id.* at 1070. Respondents moved for reconsideration of the order compelling discovery, reiterating the argument that they had "already served substantive responses." CP at 640. On the same day, respondents filed a separate motion for a protective order on a different judicial officer's calendar. Both of

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

respondents' motions were ultimately heard, and denied, by the same judge who had granted the order compelling discovery.

Respondents subsequently provided supplemental responses to Copper Creek's discovery requests. Respondents admitted that there was no short sale request, nor were there any other "events [that] resulted in the acknowledgement of the debt." *Id.* at 341. This admission was made in August 2020—approximately five months after Copper Creek had initially requested documentation of the alleged short sale request.

In August 2020, the trial court issued a temporary restraining order halting the trustee's sale and denied respondents' CR 12(b)(6) motion. In its oral ruling on the CR 12(b)(6) motion, the trial court determined that respondents had improperly attempted to "file a CR 56 [motion for summary judgment] under the guise of a [CR] 12(b) (6)" motion to dismiss for failure to state a claim. 1 Verbatim Tr. of Proc. (VTP) (Aug. 4, 2020) at 23.

After their CR 12(b)(6) motion was denied, respondents filed an answer to Copper Creek's second amended complaint. Copper Creek subsequently moved for summary judgment to quiet title, arguing that foreclosure on the deed of trust was time barred due to the Kurtzes' bankruptcy discharge orders. In response, respondents explicitly *agreed* "that the statute of limitations begins to 'accrue'

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

upon a bankruptcy discharge."[5]  CP at 388.  However, respondents argued that the statute of limitations was tolled pursuant to the SCRA—just as they had previously argued in their unsuccessful CR 12(b)(6) motion and in their unsuccessful opposition to Copper Creek's motion to amend its complaint.

A few days after responding to Copper Creek's summary judgment motion, respondents filed a separate motion for judgment on the pleadings pursuant to CR 12(c).  Respondents' CR 12(c) motion argued, again, that the statute of limitations was tolled pursuant to the SCRA.  Copper Creek requested CR 11 sanctions, arguing that its pending summary judgment motion already covered "the entirety of the issues" raised in respondents' CR 12(c) motion.  *Id.* at 281.

Following oral argument, the trial court struck respondents' CR 12(c) motion, granted Copper Creek's motion for summary judgment, and awarded Copper Creek "its reasonable attorney's fees, costs, and expenses incurred in this action, in an amount to be determined by future motion."  *Id.* at 253.  Nevertheless, when Copper Creek moved to set the amount of the fee award at $113,437.80, respondents argued that the request for fees should be denied in its entirety because there was "no basis in law for an award of attorneys' fees."  *Id.* at 140.  The trial court reaffirmed that it had already awarded attorney fees to Copper Creek "as a

---

[5] Copper Creek does not argue that respondents are estopped or otherwise barred from taking the contrary position on appeal.

14

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

matter of equity because [of respondents'] bad faith and misconduct shown repeatedly and throughout this case," and awarded $96,779.09 in attorney fees to Copper Creek. *Id.* at 21.

On appeal, respondents challenged both the order quieting title and the trial court's fee award. However, respondents recognized that even if the order quieting title was reversed, the fee award could be affirmed "if the Court [of Appeals] determines that . . . [respondents] still acted in bad faith at the trial court level." Appellants' Reply at 21-22 (Wash. Ct. App. No. 82083-4-I (2021)) (citing *Andren v. Dake*, 14 Wn. App. 2d 296, 472 P.3d 1013 (2020)). The Court of Appeals did precisely that, reversing the order quieting title but affirming the trial court's fee award because "an independent basis in equity justified the award of attorney fees." *Copper Creek*, 21 Wn. App. 2d at 627.

On cross review in this court, respondents argue that (1) the trial court did not make sufficient findings and conclusions to support its fee award and (2) respondents did not engage in any bad faith or misconduct warranting sanctions.[6] "Both CR 11 and [the court's] inherent equitable powers authorize the award of attorney fees in cases of bad faith." *In re Recall of Pearsall-Stipek*, 136

---

[6] At the Court of Appeals, respondents also challenged the amount of the fee award. *See* Appellants' Opening Br. at 40-45 (Wash. Ct. App. No. 82083-4-I (2021)); Appellants' Reply at 22-23 (Wash. Ct. App. No. 82083-4-I (2021)). They do not raise that issue in their answer to the petition for review, so we do not consider it. *See* RAP 13.7(b).

15

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Wn.2d 255, 266-67, 961 P.2d 343 (1998). We review an equitable fee award for abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

2.     The fee award was supported by adequate findings and conclusions

Respondents primarily argue that the trial court did not make "sufficient findings of fact and conclusions of law" supporting its equitable fee award. Resp'ts' Answer to Pet. for Rev. at 19. We disagree.

When awarding attorney fees, a trial court must enter "findings of fact and conclusions of law to establish 'an adequate record on review.'" *AllianceOne Receivables Mgmt., Inc. v. Lewis*, 180 Wn.2d 389, 393 n.1, 325 P.3d 904 (2014) (quoting *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998)). "In the absence of a written finding on a particular issue, an appellate court may look to the oral opinion to determine the basis for the trial court's resolution of the issue." *In re Marriage of Booth*, 114 Wn.2d 772, 777, 791 P.2d 519 (1990). Although the trial court's written fee order contains little detail, the trial court's oral rulings clearly specify the legal and factual basis for its fee award.

As to the legal basis for fees, respondents claim that the trial court failed to "state that attorney fees were being awarded to [Copper Creek] as a sanction against [respondents]." Resp'ts' Answer to Pet. for Rev. at 18. The record directly contradicts this claim.

16

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Copper Creek explicitly sought CR 11 sanctions. At oral argument, the trial court confirmed that Copper Creek was "still asking for the CR 11 sanctions," and then "grant[ed] the CR 11 request." 2 VTP (Oct. 9, 2020) at 98, 100. The trial court's written order specifies that the fee award was made "as a matter of equity because [of respondents'] bad faith and misconduct shown repeatedly and throughout this case." CP at 21. Moreover, when respondents sought to stay the fee award pending appeal, the trial court rejected their request and reiterated that it had made "an equitable fee award granted to [Copper Creek] due to [respondents'] [i]mproper [b]ehavior." Suppl. CP at 1098. Thus, the trial court explicitly and repeatedly stated that attorney fees were being awarded to Copper Creek as a sanction against respondents.

As to the factual basis for fees, respondents claim that "[t]he trial court did not describe any 'improper behavior.'" Resp'ts' Answer to Pet. for Rev. at 18. To the contrary, the trial court listed multiple instances of improper behavior in its oral ruling: (1) "violations of the duty of candor to the tribunal," (2) "refus[ing] to cooperate" with discovery despite court intervention, and (3) bringing "the same motion that the Court [had] already ruled on" and attempting to "disguise" a "motion for partial summary judgment" as a CR 12(c) motion. 2 VTP (Oct. 9, 2020) at 98-100. These findings provide a sufficient basis for appellate review.

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

3.      The trial court did not abuse its discretion in awarding fees

In a footnote, respondents argue that the trial court could not "have found a factual basis for an equity fee award" because respondents "took positions that [they] reasonably thought were justified under the law, and when the court denied the relief sought, [they] promptly complied with all court orders."  Resp'ts' Answer to Pet. for Rev. at 19 n.5.  We hold that each of the trial court's stated reasons for awarding fees is fully supported by the record.

a.      Lack of candor

First, the trial court found that respondents committed "violations of the duty of candor to the tribunal."  2 VTP (Oct. 9, 2020) at 98.  This finding was well within the trial court's discretion.  The most egregious example of respondents' lack of candor relates to their attempt to purchase a waiver of the statute of limitations from the Kurtzes.

As discussed above, while respondents were arguing to the trial court that the statute of limitations had not expired as a matter of law, their counsel was directly e-mailing the Kurtzes seeking a waiver of the statute of limitations. Respondents did not disclose that e-mail to the trial court.  However, respondents argue that cannot justify sanctions because (1) the e-mail was "irrelevant" and did not need to be disclosed and (2) Copper Creek's "hands are 'unclean'" due to Copper Creek's communications with the Kurtzes to obtain a statutory warranty

18

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

deed in lieu of foreclosure. Appellants' Opening Br. at 40, 39 (Wash. Ct. App. No. 82083-4-I (2021)); *see also* Appellants' Reply at 13 (Wash. Ct. App. No. 82083-4-I (2021)). We reject both arguments.

The trial court reasonably found that respondents' e-mail to the Kurtzes was relevant and should have been disclosed. As the trial court explained, respondents' attempt "to cut a deal" with the Kurtzes showed that respondents "obviously didn't believe that [their] position was [unassailable]," thereby directly contradicting their own court filings. 1 VTP (Aug. 4, 2020) at 43, 42. Furthermore, respondents do not show that Copper Creek has unclean hands because, unlike respondents, Copper Creek did not attempt "to cover both sides of the ball at the same time." *Id.* at 43. To the contrary, when respondents initially challenged Copper Creek's standing, Copper Creek worked with the Kurtzes (through counsel, not directly) to obtain a deed in lieu of foreclosure *before* moving to amend its complaint.

Thus, the trial court properly found that respondents' violations of the duty of candor to the tribunal warranted equitable sanctions.

b.      Refusal to cooperate with discovery

Next, the trial court found that respondents "refused to cooperate" with discovery and continued to engage in "obstruction" after the court intervened. 2 VTP (Oct. 9, 2020) at 99. Respondents argue that "they acted entirely properly

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

during the discovery dispute." Appellants' Reply at 20-21 (Wash. Ct. App. No. 82083-4-I (2021)). The record shows otherwise.

As detailed above, respondents' counsel asserted in an e-mail to Copper Creek's counsel that the statute of limitations restarted when the Kurtzes allegedly requested a short sale in 2013. However, respondents refused to provide supporting documentation or answer discovery requests about the alleged short sale request, prompting Copper Creek's motion to compel discovery. Eventually, respondents admitted that there was no short sale request.

At the Court of Appeals, respondents claimed that they "were completely transparent about their position on debt-reacknowledgement." *Id.* at 11. Respondents further argued that they did not act in "bad faith" because Copper Creek's "counsel understood [respondents'] re-acknowledgment argument solely arose out of the deed-in-lieu application," rather than a short sale request. Reply in Supp. of Mot. & Obj. to Trial Ct. Supersedeas Decision at 1 n.1 (Wash. Ct. App. No. 82083-4-I (2020)). To the extent that respondents maintain the same position in this court, we reject it.

As shown by respondents' own citations to the record, counsel for both parties exchanged e-mails discussing an alleged "short sale," not a "deed in lieu." *See id.* (citing Resp't's App. in Supp. of Trial Ct.'s Supersedeas Decision (Wash. Ct. App. No. 82083-4-I (2020)) at 155, ¶ 5, 191); *see also* Suppl. CP at 1665,

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

1668-71, 1673-74. If respondents' counsel simply made a mistake by referring to a "short sale" in their March 2020 e-mail, then they had about three months to correct their mistake before Copper Creek moved to compel discovery. They did not do so. As a result, Copper Creek was forced to file a motion to compel discovery, seeking documentation of a short sale request that never occurred.

In addition, respondents did not "promptly compl[y]" with the trial court's discovery order, as their briefing claims. *Contra* Resp'ts' Answer to Pet. for Rev. at 19 n.5. Instead, they filed separate motions for reconsideration and a protective order before two different judicial officers based on the same arguments they had already raised in opposition to Copper Creek's motion to compel. In denying both motions, the trial court ruled that respondents' initial discovery response "was evasive on its face," and that respondents' "extended motion practice" appeared to be "a tactic that is interposed to cause difficulty." 1 VTP (Aug. 4, 2020) at 12, 14. This ruling is fully supported by the record.

Thus, the trial court did not abuse its discretion in finding that respondents' failure to cooperate with discovery warranted sanctions.

c. Bringing a repetitive, "disguised" summary judgment motion

Finally, the trial court found that respondents' CR 12(c) motion for judgment on the pleadings raised matters "that the Court [had] already ruled on"

21

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

and was, in fact, "a motion for partial summary judgment" in "disguise." 2 VTP (Oct. 9, 2020) at 99-100. These findings are fully supported by the record.

As discussed above, respondents argued repeatedly that the statute of limitations was tolled by the SCRA. Respondents raised the SCRA in opposition to Copper Creek's motion for leave to amend its complaint, but the trial court granted Copper Creek's motion. Respondents also raised the SCRA in a supplemental brief supporting their CR 12(b)(6) motion. The trial court considered the "[s]upplemental [b]riefing by the parties" and denied the CR 12(b)(6) motion. CP at 518. Undeterred, respondents raised the SCRA in opposition to Copper Creek's motion for summary judgment, thereby ensuring that the SCRA would be addressed by the trial court once more. Nevertheless, while Copper Creek's summary judgment motion was still pending, respondents filed a CR 12(c) motion making the same SCRA argument.

Respondents argue that "[t]he CR 12(c) motion was proper" because they "believed the trial court had not resolved the SCRA tolling issue." Appellants' Reply at 18 (Wash. Ct. App. No. 82083-4-I (2021)). Respondents made the same claim to the trial court, and the trial court did not "believe" them. 2 VTP (Oct. 9, 2020) at 88. We have no basis to disturb the trial court's credibility determination on review. Moreover, even if respondents honestly believed the SCRA issue had not yet been resolved, their CR 12(c) motion was unjustified.

22

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz et al.*, No. 100918-6

As noted above, the trial court rejected the SCRA claim in respondents' CR 12(b)(6) motion, in part, because it should have been brought as a CR 56 motion for summary judgment. Respondents do not explain why they disregarded the trial court's clear instructions and chose to file a CR 12(c) motion instead of a motion for summary judgment. Moreover, the CR 12(c) motion was entirely unnecessary. Respondents had already raised the SCRA in opposition to Copper Creek's pending motion for summary judgment, and they explicitly acknowledged that "the ruling on the motion for summary judgment would be dispositive" of the SCRA issue. *Id.* at 94-95. On this record, we cannot discern any reasonable justification for respondents' CR 12(c) motion. The trial court did not abuse its discretion in finding that respondents' conduct warranted sanctions.

In sum, the record amply supports the trial court's decision to award attorney fees to Copper Creek as an equitable sanction based on respondents' repeated misconduct and bad faith throughout this litigation. We therefore affirm the Court of Appeals and uphold the trial court's equitable fee award.

CONCLUSION

Respondents' nonjudicial foreclosure action on the deed of trust was timely commenced as to all missed installment payments within the preceding six years. As the prevailing parties on appeal, respondents are entitled to their appellate attorney fees. Nevertheless, the trial court properly awarded attorney fees to

23

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Copper Creek as an equitable sanction based on respondents' repeated misconduct. Therefore, the Court of Appeals is affirmed, and we remand to the trial court for further proceedings consistent with this opinion.

_____
Yu, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____
Johnson, J.

_____
Montoya-Lewis, J.

_____
Madsen, J.

_____
Whitener, J.

_____
Stephens, J.