IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARIA MARTINEZ and ISRAEL ZARAGOZA, | ) ) ) | No. 41156-7-III |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| BRET D. MOORE, | ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Maria Martinez and Israel Zaragoza appeal the trial court's order denying them an award of attorney fees under SCCAR 7.3 and CR 11. They contend the trial court erred. We agree, and reverse and remand for the trial court to enter judgment in favor of Martinez and Zaragoza to include their reasonable attorney fees, including those incurred in their motion for reconsideration. We deny their request for an award of attorney fees on appeal.

FACTS

The trial court granted partial summary judgment to Maria Martinez and Israel

Zaragoza,[1] concluding that Bret Moore was liable for shooting the couple's dog. An

arbitrator then determined Martinez's damages. Moore filed a request for trial de novo of

the arbitrator's award. The request bore only his trial attorney's signature.[2]

Martinez moved to strike Moore's request for trial de novo because the request

omitted Moore's signature, as required by SCCAR 7.1(b). She also moved for entry of

judgment of the arbitrator's award and requested reasonable attorney fees pursuant to

SCCAR 7.3.

Moore responded to the motion to strike, citing MAR 7.1 (2019), a superseded

version of SCCAR 7.1. He argued that MAR 7.1 did not require the party's signature.

He requested that Martinez be sanctioned under CR 11 and prohibited from filing

"repetitive, vexatious, and frivolous motions and pleadings in the future." Clerk's Papers

(CP) at 50.

Martinez replied that same day, noting that MAR 7.1 had been superseded by

SCCAR 7.1, and the new rule added the requirement that the party requesting a trial de

_____

[1] We subsequently refer to the couple as "Martinez" and "her."

[2] Moore's appellate counsel is not his trial attorney.

novo must sign. Martinez also requested CR 11 sanctions for, among other reasons, Moore's lack of legal or factual bases for his arguments.

Moore responded to Martinez's request for CR 11 sanctions, accusing her of continuing her "harangue and bellicose threats in order to avoid a trial to which the Defendant is entitled." CP at 54. He argued that both MAR 7.1 and SCCAR 7.1 required requests for trial de novo to be filed "substantially" in the prescribed form. CP at 54. Citing authorities, he argued that due process is satisfied by notice reasonably calculated to inform opposing parties of the action and allow them to object, and that court rules should be interpreted to promote form over substance. Moore renewed his request for CR 11 sanctions against Martinez.

After a hearing, the trial court struck Moore's trial de novo request for noncompliance with SCCAR 7.1's signature requirement. However, it denied Martinez's request for attorney fees under SCCAR 7.3 and CR 11.

Martinez moved the trial court to reconsider its denial of sanctions and attorney fees. With respect to CR 11, she cited several pleadings in the trial court file that seemingly showed opposing counsel's repeated failures to comply with civil rules and court orders. She also argued that the trial court should award sanctions under its equitable power. The court denied Martinez's motion for reconsideration.

Martinez appeals to this court.

ANALYSIS

A.      ATTORNEY FEES UNDER SCCAR 7.3

Martinez, citing *Crossroads Management, LLC v. Ridgway*, 2 Wn.3d 528, 540

P.3d 82 (2023), argues the trial court erred when it refused to award her attorney fees

under SCCAR 7.3.  Moore now concedes the trial court erred and agrees that we should

remand for the trial court to award Martinez reasonable attorney fees under that rule.

We accept his concession and remand for the trial court to award Martinez her reasonable

attorney fees under SCCAR 7.3.

B.      ATTORNEY FEES UNDER CR 11

Martinez next argues the trial court abused its discretion when it denied her

request for CR 11 sanctions.  We agree.

We review a trial court's decisions on CR 11 sanctions for abuse of discretion.[3]

*Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 724, 532 P.3d 601

---

[3] Martinez assigned error to the trial court's failure to award sanctions under both
CR 11 *and* its inherent equitable powers.  However, Martinez failed to adequately
develop the latter argument.  RAP 10.3(a)(6).  We decline to consider assignments of
error that are not meaningfully argued.  *Kinderace LLC v. City of Sammamish*, 194 Wn.
App. 835, 837 n.1, 379 P.3d 135 (2016).  We therefore only address sanctions under
CR 11.

(2023). A trial court abuses its discretion when its conclusion is manifestly unreasonable or based on untenable grounds or reasons. *Gordon v. Robinhood Fin., LLC*, 31 Wn. App. 2d 185, 207, 547 P.3d 945 (2024).

CR 11 sanctions are appropriate when a litigant's argument is made "'for an improper purpose, or if the claim is not grounded in fact or law and the signing litigant failed to conduct a reasonable inquiry.'" *Kilduff v. San Juan County*, 194 Wn.2d 859, 877, 453 P.3d 719 (2019) (quoting *In re Recall of Piper*, 184 Wn.2d 780, 787, 364 P.3d 113 (2015)). Good faith arguments for the modification or reversal of existing law are not "baseless" claims and are therefore not the proper subject of CR 11 sanctions. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219-20, 829 P.2d 1099 (1992). We apply an objective standard to determine if sanctions are warranted, asking whether a reasonable attorney in similar circumstances could believe their actions to be factually and legally justified. *Id.* at 220.

As an initial matter, Moore argues that Martinez failed to provide the required informal notice before seeking CR 11 sanctions, thus precluding her request for CR 11 fees. We disagree, largely for the reason argued by Martinez: Martinez notified Moore of her request for CR 11 sanctions in a pleading filed the same day Moore filed the purportedly spurious pleading, yet this notice did not deter Moore.

In her motion, Martinez cited *Crossroads*, a recent 9-0 Washington Supreme Court decision making clear that the failure of an aggrieved party to sign the request for trial de novo is fatal. 2 Wn.3d at 538-42. The arguments raised by Moore in opposition to Martinez's motion to dismiss his request for trial de novo conflicted with the holding in *Crossroads*. Moore's arguments were more than spirited zealous advocacy for the modification of law; they were hopeless arguments contrary to our State's highest court. His arguments were baseless, and the trial court abused its discretion in not granting Martinez's request for CR 11 sanctions.[4]

### C. ATTORNEY FEES ON APPEAL

In her opening brief, Martinez requested attorney fees on appeal pursuant to RAP 18.1, SCCAR 7.3, and RAP 18.9.[5] Moore responded that attorney fees on appeal are not authorized by SCCAR 7.3 because he no longer is appealing the arbitrator's award. In her reply, Martinez limits her request for fees on appeal to RAP 18.1(a).

---

[4] Moore argues that CR 11 sanctions are discretionary, so the denial of sanctions can never be an abuse of discretion. We disagree. As noted above, we review the denial of CR 11 sanctions for an abuse of discretion. There is no clearer case for the imposition of CR 11 sanctions than "advocacy" to overturn a recent 9-0 decision from our State's highest court.

[5] Martinez's request for attorney fees under RAP 18.9 was conditional, in the event that Moore filed a frivolous response brief.

RAP 18.1(a) is not a standalone provision that authorizes an award of attorney fees on appeal. *Carter v. C&K Contracting Inc.*, 35 Wn. App. 2d 41, 54, 573 P.3d 914 (2025). Rather, it permits an award of attorney fees on appeal *if* an award is authorized by applicable law *and* the party complies with the provisions of RAP 18.1.[6]

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Staab, C.J.                                                     Murphy, J.

---

[6] We view Martinez's reply brief as tacitly conceding that attorney fees on appeal are not available under SCCAR 7.3 (because Moore is not appealing the arbitrator's award) or RAP 18.9 (because Moore did not file a frivolous response brief). Even had Martinez not conceded these arguments, we would have denied her request for attorney fees on appeal under those two provisions.